# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>**MARIA DEL CARMEN MORA GONZALEZ**<br><br><br><br>**Debtor(s)** | **CASE NO. 11-07611   BKT**<br><br>**Chapter 13**<br><br>**Adversary No. 17-00118** |
| **MARIA DEL CARMEN MORA GONZALEZ**<br><br>**Plaintiff**<br>**vs.**<br><br>**BANCO POPULAR DE PUERTO RICO**<br><br><br>**Defendant(s)** | **FILED & ENTERED ON 10/12/2018** |

## OPINION & ORDER

Before the court is Plaintiff/Debtor Maria del Carmen Mora Gonzalez's (hereinafter "Plaintiff") *Motion to Alter or Amend Order Pursuant to Fed. R. Civ. P. 59(e)* [Dkt. No. 46]; and Third-party Defendants Commonwealth Land Title Insurance Company and Fidelity National Title

1

Insurance Company's (hereinafter "Third-Party Defendants") *Opposition to Motion for Reconsideration Filed at Docket No. 46* [Dkt. No. 47]. For the reasons set forth below, the Plaintiff's *Motion to Alter or Amend Order Pursuant to Fed. R. Civ. P. 59(e)* [Dkt. No. 46] is hereby DENIED.

In support of her motion to reconsider, Plaintiff argues that neither her actions in this case, the statutes available to the court, nor the cited case law warrants the imposition of attorney's fees.[1,2] Plaintiff's defense is threefold. The first is that Fed. R. Bankr. P. 9011 is inapplicable to this matter because the Third-Party Defendants did not comply with the required procedures of filing a separate motion and serving it accordance with Fed. R. Bankr. P. 7004.  Secondly, 28 U.S.C. § 1927 does not apply because there was no finding by the court of Plaintiff's bad faith. Thirdly, a granting of sanctions pursuant to 11 U.S.C. § 105, must be exercised with constraint and generally requires a finding of Plaintiff's willful disobedience of a court's order or bad faith actions.

Third-Party Defendants argue that Plaintiff cannot establish any of the requirements for the granting of a reconsideration motion. There has been no change in the controlling law, and Plaintiff failed to assert newly discovered evidence or previously unavailable evidence. Instead, Plaintiff focuses on the factor of "manifest error or injustice" that would occur were she ordered to pay the

---

[1] Plaintiff cites Fed. R. Bankr. P. 9011, 28 U.S.C. § 1927, and the inherent power of the court under 11 U.S.C. § 105.

[2] Plaintiff alleges that the stipulation filed with the Defendant Banco Popular de Puerto Rico, and/or the attached agreement states that each party will bear their own costs and attorney's fees. This statement is misleading as said stipulation/agreement contains no such restriction. In any event, the Third-Party Defendants were not a party to either document.

fees and costs of the Third-Party Defendants.

## LIMITED FINDINGS OF FACT

1. An Initial Scheduling Conference (hereinafter "ISC") was held on January 10, 2018. The Third-Party Defendants did not appear at the hearing[3], but a recording of said hearing evidences the fact that both the Plaintiff and Defendant Banco Popular de Puerto Rico (hereinafter "BPPR") stated that they had spoken to the attorney for the Third-Party Defendants in preparation for the ISC.

2. At the hearing, the court was clear that the facts contained in the complaint were confusing and vague; Plaintiff made no allegation that had any legal basis to proceed; and so therefore discovery could not take place. The Plaintiff agreed that the complaint would be amended to correct the facts, allegations, and parties. (emphasis ours).

3. As a result of the ISC, the Plaintiff was ordered to file an amended complaint within sixty (60) days. The filing of the amended complaint was due on or before March 12, 2018. [Dkt. No. 34]

4. On March 19, 2018, Third-Party Defendants filed a motion requesting that an order to show cause be directed at Plaintiff for lack of prosecution. The basis for the motion was the fact that an amended complaint had not been filed as previously ordered by the court.

5. On April 6, 2018, Third-Party Defendants filed a motion requesting that the order to show cause be granted given Plaintiffs failure to reply to its previous show cause motion or comply with the court's Order issued at the ISC.

6. On April 9, 2018, without addressing any of the motions filed by the Third-Party Defendants, Plaintiff filed a stipulation with BPPR. The Third-Party Defendants are mentioned twice in paragraphs 2 and 4 of the Release and Settlement Agreement dated March 28, 2018 (hereinafter "Agreement")[Dkt. No. 39]. Paragraph 2 states that the Plaintiff fully releases and discharges them from all claims; and paragraph 4 states that the signing of the Agreement attached to the stipulation shall not be construed as an admission of wrong doing. Moreover, the recitals in the Agreement imply that the Third Party Defendants are parties to said Agreement.

---

[3] At the time of the January 10, 2018 ISC, the Third-Party Defendant's had filed a Motion to Dismiss the Third-Party Complaint [Dkt. No. 16], based mainly on the court's lack of jurisdiction over them and the cause of action alleged by BPPR.

3

7. The Third-Party Defendants are not signatories to the Agreement.

8. On May 8, 2018, as a result of Plaintiff's continued failure to reply to the motions filed by the Third-Party Defendants, the court issued an Order partially granting the Third-Party Defendants' motion to show cause. Plaintiff was ordered to show cause as to why she should not be liable for attorney's fees and costs incurred by the Third-Party Defendants in defending themselves in this controversy. In addition the Third-Party Defendants had to file a detailed request for attorney's fees and costs within twenty-one (21) days. [Dkt. No. 41].

9. Plaintiff did not reply to the court's May 8, 2018 Order.

10. Third-Party Defendants timely complied with the court's request and filed their itemized invoice on May 26, 2018, for a total amount of $16,800.

11. On June 7, 2018, the court awarded the Third-Party Defendants attorney's fees in the amount of $16,800.

12. On June 11, 2018, Plaintiff filed a motion to alter or amend the June 7, 2018 Order pursuant to Federal Rule Bankruptcy Procedure 59(e).

13. On June 12, 2018, Third-Party Defendants filed its opposition.

**FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

As a starting point, motions for reconsideration are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure. In re Ortiz Arroyo, 544 B.R. 751, 756 (Bankr. D.P.R. 2015) (citation omitted). Bankruptcy courts usually treat a motion for reconsideration as a motion to alter or amend a judgment under Rule 59(e), made applicable in bankruptcy by Fed. R. Bankr. P. 9023. Rule 59(e) does not state the grounds on which relief may be granted, and courts have "considerable discretion" in deciding whether to grant or deny a motion under the rule. ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).

4

It is well settled in the First Circuit that to meet the threshold requirements of Rule 59(e), the motion "must demonstrate the 'reason why the court should reconsider its prior decision' and 'must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision." In re Arroyo, 544 B.R. at 756–57. The movant must either clearly establish a manifest error of law or fact or must present newly discovered evidence that could not have been discovered during the case. See Banco Bilbao Vizcaya Argentaria P.R. v. Santiago Vázquez, 471 B.R. 752, 760 (1st Cir. B.A.P. 2012) (citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997)); see also Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citations omitted).

"A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)(citations omitted) (internal quotations omitted). "In practice, [Rule] 59(e) motions are typically denied because of the narrow purposes for which they are intended." In re Arroyo, 544 B.R. at 757.). To prevail on her motion then, Plaintiff needs to either present to the bankruptcy court newly discovered evidence unavailable prior to the entry of the order, or demonstrate that the bankruptcy court made a manifest error of law or fact in awarding attorney's fees to the Third-Party Defendant.

**LEGAL ANALYSIS**

Trial courts have broad authority to manage their dockets, including the ability to sanction attorneys or to dismiss cases for counsel's failure to comply with pre-trial orders. Fed. R. Civ. P.

5

16(f),[4] 41(b). <u>Crossman v. Raytheon Long Term Disability Plan</u>, 316 F.3d 36, 38 (1st Cir.2002); <u>see</u> <u>Jones v. Winnepesaukee Realty</u>, 990 F.2d 1, 5 (1st Cir.1993). When a court confronts a violation of its own order, "it may choose from a broad universe of possible sanctions." <u>In re Charbono</u>, 790 F.3d 80, 89 (1st Cir. 2015) (quoting <u>Velazquez Linares v. United States</u>, 546 F.3d 710, 711 (1st Cir. 2008) (internal quotation marks omitted). Exercising this authority, courts may levy sanctions (including punitive sanctions) for such varied purposes as disciplining attorneys, remedying fraud on the court, and preventing the disruption of ongoing proceedings. <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43–44 (1991).

The disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct. <u>Tower Ventures, Inc. v. City of Westfield</u>, 296 F.3d 43, 46 (1st Cir.2002)(explaining the centrality of scheduling orders in the case-management process and noting that "a party's disregard of such orders robs them of their utility"); <u>Cosme Nieves v. Deshler</u>, 826 F.2d 1, 2 (1st Cir.1987). The dismissal of a complaint with prejudice should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order. When noncompliance occurs, the ordering court should consider the totality of events in an effort to fit the punishment to the severity and circumstances of the violation. <u>See</u> <u>Tower Ventures</u>, 296 F.3d at 46. In the last analysis, the choice of an appropriate sanction must be

---

[4] Fed. R. Civ. P. 16 is made applicable to bankruptcy adversary procedures through Federal Rule of Bankruptcy Procedure 7016.

6

handled on a case-by-case basis. See id.; see also Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir.1996) (explaining that this exercise "defies mechanical rules"). [5]

Regardless of the Plaintiff's assumptions as to the origin and legal basis of the imposed sanctions, this Court's award of attorney's fees to the Third-Party Defendants stems from the courts statutory power under Fed. R. Civ. P. 16(f).[6] The imposition of sanctions pursuant to Rule 16 is

---

[5] It is for that reason that appellate panels traditionally give district courts considerable leeway in the exercise of the latter's admitted authority to punish noncompliant litigants. E.g., Batiz Chamorro v. P.R. Cars, Inc., 304 F.3d 1, 3–4 (1st Cir.2002).

[6] As stated in Plaintiff's motions, another vehicle by which a court may issue sanctions is 28 U.S.C. § 1927. By its terms, 28 U.S.C. § 1927 looks to unreasonable and vexatious multiplications of proceedings; and it imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics. See Oliveri v. Thompson, 803 F.2d 1265, 1274 (2nd Cir. 1986). Bad faith is the touchstone of an award under this statute. See McMahon v. Shearson/American Exp., Inc., 896 F.2d 17, 23 (2nd Cir. 1990). The courts have held that "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Oliveri, 803 F.2d at 1273. To impose sanctions under § 1927, the court must make a finding of "conduct constituting or akin to bad faith." In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir.2000) (citation and internal quotation marks omitted); Mahoney v. Yamaha Motor Corp. U.S.A., 290 F.R.D. 363, 367 (E.D.N.Y.,2013).

Courts also possess the "inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2nd Cir. 2000)(internal quotation marks omitted) (quoting Chambers, 501 U.S. at 43 (1991)). An award of sanctions under the court's "inherent power" requires the defendants to present "clear evidence that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes." Oliveri, 803 F.2d at 1272 (citations and internal quotation marks omitted). In other words, a finding of the party's bad faith is required.

To impose sanctions under either authority, a court should not deem a party to have acted in bad faith if solely predicated upon that party's filing of a meritless motion. See Eisemann v. Greene, 204 F.3d 393 (2d Cir.2000). Nonetheless, "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the [Federal Rules of Civil Procedure or a specific statute], the court ordinarily should rely on the Rules rather than the inherent power." Chambers, 501 U.S. at 50.

Although not applicable in this particular case because of the Three-Party Defendant's procedural failures, Fed. R. Civ. P. 11 provides a court with yet another means of issuing sanctions. A court may sanction an attorney, or the responsible law firm, that violates this Rule. "Under Rule 11, to avoid the risk of sanctions, a party's counsel must undertake reasonable inquiry to ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose." Young v. Suffolk Cnty., 2013 WL 491982, at *23 (E.D.N.Y. Feb. 11, 2013) (internal quotations omitted). A high standard exists for imposing Rule 11 sanctions. See Eisenberg v. Yes Clothing Co., 1992 WL 36129, at *4 (S.D.N.Y. Feb. 19, 1992) ("Rule 11

within the sound discretion of the court. Moreover, it does not require a finding that a party acted in bad faith. Neufeld v. Neufeld, 172 F.R.D. 115, 118 (S.D.N.Y., 1997).  Rule 16 of the Federal Rules of Civil Procedure specifically provides that the court "must order the [violating] party, its attorney, or both to pay reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award unjust." Fed. R. Civ. P. 16(f)(2). "These sanctions should be applied not only "to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976).[7]

The judicial power to sanction for violation of scheduling orders and lack of prosecution is absolutely essential to a court's ability to control its docket. Experience in this Court has demonstrated that lax enforcement of standard procedures, rules and court orders results in the certainty of lax compliance and equally certain delay and prejudice to parties in interest. The vice of

---

sanctions are not to be imposed on every litigant that files a motion that the Court deems premature, or ill-advised, or weak"); Oliveri, 803 F.2d at 1275 ("[R]ule 11 is violated only when it is patently clear that a claim has absolutely no chance of success.").

[7] In all events, it is axiomatic that "a litigant who ignores a case-management deadline does so at his peril." Rosario–Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir.1998); Young v. Gordon, 330 F.3d 76, 82 (1st Cir. 2003). Then, too, there is another integer in this equation. Sanctions often are intended to do more than calibrate the scales between a particular plaintiff and a particular defendant. One principal purpose is to deter others from similar misconduct. See Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir.1990). When a party flouts a time-specific order, that purpose is frustrated unless the court sends a strong signal. Imposing a meaningful sanction delivers just such a message. Young, 330 F.3d at 83.

lax enforcement is self-compounding, because counsel form the expectation that failures and violations will be excused and the correlative perception of unfairness resulting from apparently uneven enforcement.

To begin, the Plaintiff failed to comply with the deadline established for the filing of the amended complaint. This was a direct violation of the ISC Order and subjects the Plaintiff to sanctions pursuant to Fed. R. Civ. P. 16(f), made applicable to bankruptcy proceedings through Fed. R. Bankr. P. 7016.  At the ISC, the court expressed serious concerns that the complaint was vague as to the remedies requested and confusing as to the facts stated. Due to these concerns, the court was unable to set the timeframe for discovery and the filing of dispositive motions. It is nonsensical for the court hold an initial scheduling conference, issue an order that meets the needs of the case and the parties, only to have the order totally disregarded and ignored by counsel. Such action by Plaintiff renders the court's efforts a waste of time and unjustifiably increases the delay and cost of litigation.

On March 19, 2018, Third-Party Defendants filed a motion requesting an order to show cause be directed at Plaintiff for lack of prosecution. The basis was the fact that an amended complaint had not been filed as ordered by the court. Plaintiff failed to respond. On April 6, 2018, Third-Party Defendants filed a motion requesting that the order to show cause be granted given Plaintiff's lack of response. Once again, Plaintiff was silent. On April 9, 2018, Plaintiff filed a stipulation with Defendant Banco Popular de Puerto Rico. This stipulation did not include nor

9

make mention of the counter claim made against Third-Party Defendants, and more important for this court's analysis, the Third-Party Defendants were not made a part of these settlement discussions, nor were they signatories.

However, Plaintiff's indifference does not end there. On May 8, 2018, as a result of Plaintiff's continued failure to reply to the motions filed by the Third-Party Defendants, the court issued an Order partially granting the Third-Party Defendants' order to show cause. Plaintiff was ordered to show cause as to why she should not be liable for attorney's fees and costs incurred by the Third-Party Defendants in defending themselves in this controversy. This deadline, like the previous deadlines, passed without any sign of compliance by the Plaintiff. Third-Party Defendants timely complied with the court's request and filed their itemized invoice on May 26, 2018, for a total amount of $16,800. On June 7, 2018,[8] the court, exercising its authority under Federal Rule of Civil Procedure 16(f)(1)(C) and 16(f)(2), and without any opposition from the Plaintiff, entered an Order granting the Third-Party Defendants' request for attorney's fees.[9]

There is no evidence in the record that Plaintiff made any attempt to communicate with either the Third-Party Defendants or this court regarding her inability to comply with the orders.

---

[8] Plaintiff argues that the court entered the June 7, 2018 Order awarding fees prematurely, given that the Third-Party Defendants' *Motion Requesting Entry of Order Awarding Attorney's Fees and Costs in Compliance with Court Order at Docket No. 41* [Dkt. No. 43] had just been filed on May 26, 2018. That is twelve (12) days earlier, thereby cutting off the fourteen (14) plus three (3) days generally allowed to file a reply.

What Plaintiff fails to see is that the May 8, 2018 Order, referred back to the Third Party Defendants' *Motion Requesting Order to Show Cause* [Dkt. No. 37], which was in turn, filed as a result of Plaintiff's noncompliance with the court's ISC Order. The court provided ample time for the Plaintiff to explain her delay in complying with the orders. See PR-LBR 9013-1(c)(3)(A). Plaintiff cannot now, in good faith, utilize this as a guise under which to seek reconsideration.

10

Plaintiff's failure to do so directly caused the Third-Party Defendants to incur additional expenses, including fees associated with the filing of several motions. Five months after the ISC, Plaintiff explained, for the first time, that she had been having health issues that prevented her from responding to the orders and motions filed by the Third-Party Defendants. This explanation does not substantially justify Plaintiff's on-going failure to explain her delays, and the disobedience of court orders. As such, this Court concludes that Plaintiff's failure to comply with multiple court orders was not substantially justified, and finds no other circumstance that makes imposing a sanction against her unjust. See Fed. R. Civ. P. 16(f)(2).

### THE AMOUNT OF THE ATTORNEY'S FEES AWARDED

In the instant case, the court awarded fees totaling $16,800. The court examined the invoice filed by the Third-Party Defendant and deemed it reasonable. The court's ability to manage bankruptcy litigation in even the most elementary fashion requires that the conduct forming the basis of the violations in this case be dealt with in a manner which will deter counsel for the Plaintiff in this case and other counsel in other cases from behaving similarly in the future.

However, upon review and having the benefit of examining, for the first time, Plaintiff's arguments and perspective, the court will re-visit this issue. As stated supra, a court may award attorney's fees when sanctioning a party under Fed.R.Civ.P. 16(f), though only for reasonable expenses incurred because of noncompliance with this rule. See Former Emps. of Tyco Elecs., Fiber Optics Div. v. U.S. Dep't of Labor, 259 F.Supp.2d 1246 (Ct. Int'l Trade 2003) (holding that the

---

[9] The court clarifies that Plaintiff's actions do not warrant a sanction under either 28 U.S.C. § 1927 or this Court's inherent powers. The court finds no clear evidence that Plaintiff acted in bad faith in filing the complaint, proceeding with the litigation, or disregarding the court's numerous orders.

11

purpose of Fed. R. Civ. P. 16(f) sanctions is to deter undesirable conduct, not to fee shift, therefore a sanction of attorney's fees under this rule does not create an entitlement to full compensation); Uretsky v. Acme Am. Repairs, 2011 WL 1131326 at *1 (E.D.N.Y. Mar. 28, 2011) (holding that Fed. R. Civ. P. 16(f) does not create an entitlement to a full attorney's fee compensation, but instead "any fees awarded must be related to the expenses incurred as a result of the sanctioned misconduct."). Furthermore, "the purpose[s] of Rule…16(f) [are best] served by imposing sanctions upon plaintiff's counsel, rather than plaintiff h[im]self." Burgie v. Euro Brokers, Inc., 2006 WL 845400, at *17.

The invoice provided by the Third-Party Defendants covers the time period from July 7, 2017 to May 9, 2018; that immediately follows BPPR's reply to the complaint which brought the third party action, and up to the preparation and filing of the invoice itself. The court determines that Plaintiff's failure to comply with the ISC Order to amend the complaint, is what caused the Third-Party Defendants to incur in avoidable additional fees. Utilizing the date of the ISC and the work performed by the Third-Party Defendants after that date, the court determines that a reasonable fee is $5,000.00. This amount shall come solely from the Plaintiff's attorney, Jacqueline Hernandez Santiago.

**CONCLUSION**

The Plaintiff has failed to establish any of the necessary factors for the granting of a motion to reconsider. Specifically to this case, Plaintiff has not set forth a convincing or legally sustainable argument that states that a "manifest error or injustice" has taken place. The Plaintiff's *Motion to Alter or Amend Order Pursuant to Fed. R. Civ. P. 59(e)* [Dkt. No. 46] is DENIED. However, the

12

court hereby reduces the amount of attorney's fees awarded to the Third-Party Defendants to $5,000.00. This amount shall be made payable directly to the Third-Party Defendants within ten (10) days. Plaintiff's failure to abide by this Opinion & Order in the time period set forth above may result in further sanctions.

SO ORDERED

San Juan, Puerto Rico, this 12th day of October, 2018.

Brian K. Tester
U.S. Bankruptcy Judge

13